[No. 10617.   Department Two.   December 17, 1912.]

DORA SCHULTZ, *Respondent,* v. CLINTON S. SCHULTZ, *Appellant.*[1]

JUDGMENT—ENTRY—CHANGING DECISION WITHOUT NOTICE. After announcing an oral decision and causing the same to be entered upon the minutes, it is error to enter a decree contrary to the first decision, twenty-nine days later, on an *ex parte* application.

TRIAL—EVIDENCE—AFFIDAVITS. After a trial and oral decision, it is error to retry the cause upon affidavits without an opportunity to meet the same.

[1]Reported in 128 Pac. 660.

APPEAL—RECORD—EXCEPTIONS—SUFFICIENCY. Exceptions to findings of fact, filed within five days after recognition of the existence of the findings and decree, will be deemed to have been duly taken, in the absence of any objection thereto.

APPEAL—DECISION—REMAND. Where, in a divorce case, the record was unsatisfactory, and there was only a partial trial on *ex parte* affidavits, and a failure to make complete findings, the cause will be remanded for a retrial rather than a trial *de novo* on appeal.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered January 6, 1912, granting a divorce, and from an order entered March 7, 1912, denying a motion to vacate the judgment and grant a new trial. Reversed.

*Tom W. Holman (U. D. Gnagey,* of counsel), for appellant.

ELLIS, J.—This is an action by Dora Schultz, as plaintiff, against her husband Clinton S. Schultz, for a decree of divorce, for temporary alimony, suit money, costs, and counsel fees, and for the custody of their two children, a daughter aged eleven years, and a son aged ten years.

The complaint charged as grounds for divorce, drunkenness, cruel treatment, personal indignities and nonsupport. The answer denied these things, made counter allegations of abuse and neglect of the defendant by the plaintiff, and alleged that the plaintiff has in her possession $1,500 in money belonging to the community, being the proceeds of the sale of their home and personal property in Duquesne, Pennsylvania; and also a sum the amount of which was unknown to the defendant, being the proceeds of the sale of a millinery business in Irondale, Washington, belonging also to the community, and which the evidence showed amounted to about $1,000. The answer also alleged that the community owned an equitable interest in two lots in Irondale, Jefferson county, Washington. The answer prayed that the divorce be denied, and that the plaintiff be required to render an ac-

counting as to the community funds alleged to be in her possession.

The cause was tried at Port Townsend, Jefferson county, on December 6 and 7, 1911. At the close of the trial, the court denied the divorce, which denial was entered on December 7, 1911, upon the minutes of the court, by the clerk. It is stated in uncontroverted affidavits of counsel for the defendant, in support of the motion to vacate the findings and decree as finally made and entered by the court, and for a new trial, that the defendant was prevented from presenting formal findings and decree in his favor for the signature of the court by the immediate departure of the trial judge from Jefferson county to hold court in Clallam county. On December 30, 1911, a motion for a judgment in favor of the plaintiff was served upon the defendant's attorney; the motion stating that it was based upon the records, files and evidence theretofore taken, and upon certain affidavits thereto attached and made a part thereof. No notice of hearing of this motion was ever at any time served upon the defendant or upon his attorney. On January 5, 1912, this motion was heard by the court at Port Angeles, Clallam county, Washington, on an *ex parte* presentation by the plaintiff, and without notice of any kind to the defendant. Upon that hearing the court, on January 6, 1912, made and filed findings of fact and conclusions of law in favor of the plaintiff, and entered a decree granting the divorce and giving to the plaintiff the custody of the two children, without making any provision allowing the defendant to see or visit them. No findings or judgment were made or entered as to the issue presented by the defendant's answer and supported by his evidence, as to the community property of the parties, nor did the decree contain any provision prohibiting either party from remarrying with a third person within six months, as provided by the statute.

On March 2, 1912, the defendant moved to vacate the decree, and for a new trial, and on March 7, 1912, within

five days after that motion, filed exceptions to the court's findings as made. The defendant's motion to vacate the decree and for a new trial was, on due notice to the plaintiff, heard and denied on June 24, 1912. The defendant gave notice of appeal on April 3, 1912.

The appellant has assigned several grounds of error, two of which must be sustained. After having announced his oral decision on December 7, 1911, denying the divorce and causing the same to be entered upon the minutes, it was error to enter a decree granting the divorce contrary to that decision some twenty-nine days later, without notice to the appellant, and upon what was in effect an *ex parte* application of the respondent.

The court also erred in considering the affidavits upon which the respondent's motion for a decree was in part based. These affidavits detailed conduct of the appellant subsequent to the trial and oral decision of the court. That decision, as announced by the court, makes it plain that the court did not then believe that the evidence adduced at the trial would warrant the granting of a decree of divorce. A careful examination of the evidence leads us to the same conclusion. It seems equally plain that the court was influenced to change his decision and grant the decree by these affidavits as to the subsequent conduct of the appellant. The fact that this conduct was reprehensible, if the affidavits are true, is immaterial. These affidavits were not evidence, and were moreover heard without notice to the appellant. That the court, at any time before entry of final decree, upon proper notice, might with propriety have opened the cause for the taking of further evidence, must be conceded, but that course was not pursued. It was, however, manifest error to re-try the cause upon affidavits and without an opportunity for hearing on the appellant's behalf. It may be suggested that, inasmuch as the appellant, on February 7, 1912, procured an order extending the time for settling the statement of facts, he thereby waived notice of the signing

of the findings of fact and conclusions of law, and that there-fore his exceptions, which were filed on March 7, came too late. There was, however, no motion either in the court below or in this court, on the respondent's part, asking that these exceptions be stricken or disregarded. The respondent has made no appearance in this court, and has filed no brief on this appeal. Since the exceptions to the findings of fact were filed within five days after the positive recognition of the existence of the findings and decree by the appellant in his motion for a new trial, we are constrained to hold that, in the absence of any objection thereto, we are authorized to treat these exceptions as duly taken.

Ordinarily we would try the cause *de novo* upon the record, and direct such a decree as we might deem the evidence to warrant; but in view of the unsatisfactory state of the rec-ord, the partial trial of the cause upon *ex parte* affidavits, and the failure of the trial court to make any findings or disposition as to the property rights of the parties we think the ends of justice would best be served by a new trial.

The judgment is therefore reversed, and the cause is re-manded for a new trial.

MOUNT, C. J., MAIN, MORRIS, and FULLERTON, JJ., con-cur.